Ricardo J. Prieto (*pro hac vice*)
Texas Bar No. 24062947
rprieto@eeoc.net
Melinda Arbuckle (*pro hac vice*)
Texas Bar No. 24080773
marbuckle@eeoc.net
Shellist Lazarz Slobin LLP
11 Greenway Plaza, Suite 1515
Houston, TX 77046
(713) 621-2277 – Telephone
(713) 621-0993 – Facsimile

Daniel I. Pace
Alaska Bar No. 1305008
dan@pacelawoffices.com
Pace Law Offices
101 E 9th Ave., Ste 7A
Anchorage, AK 99501
(907) 222-4003 – Telephone
(907) 222-4006 – Facsimile

ATTORNEY FOR PLAINTIFF
AND PUTATIVE CLASS MEMBERS

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | | |
|---|---|---|
| Keith Carter, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § | Civil Action No. 3:21-cv-00007-JMK |
| v. | § § | JURY TRIAL DEMANDED |
| All American Oilfield, LLC, | § § | COLLECTIVE ACTION |
| Defendant. | § | |

**FIRST AMENDED COLLECTIVE ACTION COMPLAINT**

Plaintiff Keith Carter ("Carter" or "Plaintiff"), individually and on behalf of all others similarly situated, files this First Amended Collective Action Complaint against Defendant All American Oilfield, LLC ("AAC" or "Defendant"), showing in support as follows:

# I. NATURE OF ACTION

1. This is an action to recover unpaid overtime compensation under the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA"). Defendant failed to pay Plaintiff time and one-half his regular rate of pay for all hours worked over 40 during each seven-day workweek while working for Defendant and paid on a day rate basis.

2. Plaintiff brings this lawsuit individually and as a collective action under 29 U.S.C. § 216(b) on behalf of other field/ oil rig employees of Defendant who, like him, were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each seven-day workweek while working for Defendant and paid on a day rate basis.

# II. THE PARTIES

3. Plaintiff is a resident of Alaska and worked for Defendant as a non-exempt employee during the relevant statutory period. Plaintiff's consent to participate in this lawsuit is attached hereto as Exhibit 1. Plaintiff's daily rate of pay was approximately $1,027.76 per day.

4. Defendant is a limited liability company formed under the laws of the State of Alaska. Defendant operates within this Judicial District, and may be served through its registered agent CT Corporation System; 9360 Glacier Highway, Suite 2020; Juneau, AK 99801, or where ever it may be found. At all times relevant to this lawsuit, Defendant has been an "enterprise engaged in commerce" as defined by the FLSA.

5. The putative collective action members are all employees of Defendant who, like Plaintiff, were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each seven-day workweek while working for Defendant and paid on a day rate basis.

### III. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this case based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff's claims are based on federal law, namely the FLSA. *See* 29 U.S.C. § 216(b).

7. This Court has personal jurisdiction over Defendant because Defendant does business in this District and because many of the acts complained of and giving rise to the claims alleged occurred in this District.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to all claims occurred in this District.

### IV. FACTUAL ALLEGATIONS

9. At all times relevant to this action, Defendant employed and continues to employ two or more employees.

10. Defendant was an employer of Plaintiff and the putative collective action members.

11. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce or in the production of goods for commerce and/or who regularly handled, sold or otherwise worked on goods and/or materials that were moved in and/or produced for commerce. Examples of such goods and/or materials include tools, drilling fluids, vehicles, personal protective equipment, computers, and other supplies/materials used in connection with oilfield drilling operations.

12. On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

13. Plaintiff was a non-exempt employee of Defendant. Defendant paid Plaintiff on a day rate basis.

14. Plaintiff worked as a toolpusher on Defendant's oil rig. His job duties involved performing manual labor and working safely on the drilling rig. He worked with other field/oil rig worker employees of Defendant who were paid on a day rate basis.

15. Plaintiff frequently worked in excess of forty (40) hours per workweek without receiving overtime premium compensation for all such hours of work.

16. For instance, in the pay period beginning on October 28, 2019, Plaintiff's pay statements reflect that he worked eleven days in a fourteen-day period. Depending on Defendant's FLSA designated workweek, Plaintiff worked at minimum one five-day workweek in that pay period, the remaining days constituting parts of other FLSA workweeks. At maximum, Plaintiff worked one seven-day workweek in that pay period. Even assuming he worked a five-day workweek, given his schedule was typically for a twelve-hour shift, Plaintiff worked sixty hours in that week. If Plaintiff worked a seven-day workweek, which was typical, he worked eighty-four hours in that workweek. As a result, Plaintiff is entitled to at minimum $856.50 for that workweek or $1,884.30 (=($1,027.76 [day rate]/12 [typical daily hours worked])*.5 [half-time modifier] *(60 [total hours worked in five day workweek] - 40 [non-overtime hours])) if he worked 60 hours for that workweek, or $1,884.30 (=($1,027.76 [day rate]/12 [typical daily hours worked])*.5 [half-time modifier] *(84 [total hours worked in five day workweek] - 40 [non-overtime hours])) if he worked 84 hours.

17. As the result of Defendant's failure to pay overtime premium compensation for all hours worked over forty (40) in a workweek, Defendant is liable to Plaintiff for damages including backpay, liquidated damages, and Plaintiff's costs and attorneys' fees.

## V. COLLECTIVE ACTION ALLEGATIONS

18. Plaintiff proposes to maintain this lawsuit as a collective action on behalf of the putative collective action members, defined as:

> all current and former non-exempt field/oil rig employees of Defendant who were paid on a day rate basis without receiving overtime premium pay for all hours over forty (40) in a workweek.

19. Plaintiff has personal knowledge that other putative Collective Action Members who shared manual labor responsibilities with Plaintiff on Defendant's oil rig frequently worked in excess of forty (40) hours in a workweek and were paid pursuant to the same policy, namely, paid a day rate and/or hourly rate for all hours of work without receiving overtime premium pay for all hours worked over forty in each seven-day workweek.

20. The putative Collective Action Members are similarly situated to Plaintiff and to one another, within the meaning of Section 216(b) of the FLSA.

21. The putative Collective Action Members are not exempt from receiving overtime premium pay under the FLSA. Defendants' failure to pay overtime wages results from generally applicable policies or practices, and does not depend on the personal circumstances of the putative Collective Action Members.

22. The specific job titles or precise job responsibilities of each putative collective action member do not prevent collective treatment.

23. Although the exact amount of damages may vary among the putative Collective Action Members, their respective damages are easily calculable using a simple formula uniformly applicable to all of them.

24. Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any motion to certify a collective action or other proceeding.

25. Plaintiff further reserves the right to amend the definition of the putative class, or subclasses therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VI. CAUSE OF ACTION: VIOLATION OF FLSA – FAILURE TO PAY OVERTIME PURSUANT 29 U.S.C. § 207

26. Federal law requires covered employers to pay overtime premium pay at the rate of one and one-half times the regular rate of pay to non-exempt employees for all hours worked over forty (40) in a workweek. 29 U.S.C. § 207.

27. At all relevant times, Defendant is/was an eligible and covered employer under the FLSA. *See* 29 U.S.C. § 203(d). At all relevant times, Defendant has been/is an enterprise engaged in commerce under the FLSA. *See* 29 U.S.C. § 203(s)(1). At all relevant times, Plaintiff and the putative collective action members were Defendant's employee under the FLSA. 29 U.S.C. § 203(e).

28. Plaintiff and the putative collective action members were non-exempt employees, or to the extent they could have been classified as exempt employees, Defendant failed to compensate them on a salary or fee basis as required by federal law. Consequently, Plaintiff and the putative class members were entitled to overtime premium pay.

29. Defendant failed to pay Plaintiff and the putative collective action members at the rate of time and one-half their respective regular rates of pay for all hours worked over forty (40) in a workweek, and are liable for damages. *See* 29 U.S.C. § 203(s)(1).

30. Defendant failed to maintain and preserve payroll records which accurately show the total hours worked by Plaintiff and the putative collective action members on a daily and weekly basis in violation of the recordkeeping requirements of the FLSA. *See* 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(a) & 516.5.

31. Defendant's violation of the FLSA, as described above, was willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant was aware that Plaintiff and the putative collective action members were not paid overtime premium pay at the rate of time and one-half his respective regular rates of pay for all hours worked over forty (40) in a seven-day workweek.

32. Plaintiff specifically pleads recovery for the time period of three years preceding the date this lawsuit was filed and forward for his FLSA claim, and the claims of the putative collective action members, as the result of Defendants' willful conduct. *See* 29 U.S.C. § 255(a).

33. Plaintiff seeks all damages available for Defendant's failure to timely pay all overtime wages owed, including back wages, liquidated damages, reasonable attorneys' fees and costs, and post-judgment interest.

## VII.  JURY DEMAND

34. Plaintiff demands a jury trial on behalf of himself and the putative Collective Action Members/Class Members on all issues.

## VIII.  DAMAGES AND PRAYER

35. Plaintiff asks that the Court issue summons for Defendant to appear and answer, and that Plaintiff and the putative collective action members be awarded a judgment against Defendant and/or order(s) from the Court for the following:

   a. An order conditionally certifying this case as an FLSA collective action and requiring notice to be issued to all putative collective action members;

   b. All damages allowed by the FLSA, including back wages;

   c. Liquidated damages in an amount equal to FLSA-mandated back wages;

   d. Legal fees, costs and expenses, as permitted under the FLSA;

   e. Post-judgment interest, as permitted under the FLSA;

f.  All other relief to which Plaintiff and the putative collective action members may be justly entitled.

Dated: March 4, 2021

Respectfully submitted,

By: */s/ Daniel I. Pace*
Daniel I. Pace
Alaska Bar No. 1305008
dan@pacelawoffices.com
Pace Law Offices
101 E 9th Ave., Ste 7A
Anchorage, AK 99501
(907) 222-4003 – Telephone
(907) 222-4006 – Facsimile

*/s/ Ricardo J. Prieto*
Ricardo J. Prieto (*pro hac vice*)
Texas Bar No. 24062947
rprieto@eeoc.net
Melinda Arbuckle (*pro hac vice*)
Texas Bar No. 24080773
marbuckle@eeoc.net
Shellist Lazarz Slobin LLP
11 Greenway Plaza, Suite 1515
Houston, TX 77046
(713) 621-2277 – Telephone
(713) 621-0993 – Facsimile

ATTORNEYS FOR PLAINTIFF AND PUTATIVE CLASS MEMBERS

## CERTIFICATE OF SERVICE

On March 4, 2021, I filed the foregoing document with the Clerk of Court using the CM/ECF method. I certify that I served all counsel of record electronically by filing using the CM/ECF method.

*/s/ Ricardo J. Prieto*
Ricardo J. Prieto