Ricardo J. Prieto (*pro hac vice*)
Texas Bar No. 24062947
rprieto@eeoc.net
Melinda Arbuckle (*pro hac vice*)
Texas Bar No. 24080773
marbuckle@eeoc.net
SHELLIST LAZARZ SLOBIN LLP
11 Greenway Plaza, Suite 1515
Houston, TX 77046
(713) 621-2277 – Telephone
(713) 621-0993 – Facsimile

Daniel I. Pace
Alaska Bar No. 1305008
dan@pacelawoffices.com
PACE LAW OFFICES
101 E 9th Ave., Ste 7A
Anchorage, AK 99501
(907) 222-4003 – Telephone
(907) 222-4006 – Facsimile

ATTORNEYS FOR PLAINTIFF
& PUTATIVE FLSA COLLECTIVE
ACTION MEMBERS

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | | |
|---|---|---|
| George Brewster and Russell Wilson, individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiffs, | § | Civil Action No. 3:21-cv-00007-JMK |
| v. | § § | JURY TRIAL DEMANDED |
| All American Oilfield, LLC, | § § § | COLLECTIVE ACTION |
| Defendant. | § | |

**MOTION FOR APPROVAL OF CONFIDENTIAL FLSA SETTLEMENT AGREEMENT AND RELEASE, AND STIPULATION OF DISMISSAL OF LAWSUIT WITH PREJUDICE**

1

Pursuant to the Settlement reached in this case on December 17, 2021, Plaintiffs Keith Carter ("Carter" or "Plaintiff") hereby moves for approval of the settlement pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"). Defendant does not oppose this Motion.

## I.     INTRODUCTION

In this case, Plaintiffs seeks damages for allegedly unpaid overtime wages under the FLSA. (Third Amended Complaint.) Plaintiffs allege that Defendant failed to fully compensate them and a group of similarly situated tool pusher employee all overtime premium pay due because the Defendant improperly paid those workers on a day rate basis. (*Id.*) The Parties agree that this Court properly exerts subject matter and personal jurisdiction over the claims and Parties in this case. Now, therefore, Plaintiffs seek the Court's approval of the Parties' agreement to resolve and compromise these allegedly due back wages in the interest of avoiding protracted litigation and ensuring that the settlement class receives timely payment. Defendant does not oppose this Motion.

## II.     PROCEDURAL HISTORY

Plaintiff Keith Carter filed this lawsuit on behalf of himself and the settlement class on January 14, 2021, alleging Defendant failed to pay overtime to himself and the settlement class as required by the FLSA. (ECF No. 1.)

To avoid protracted litigation and expense, the Parties agreed to engage in informal discovery regarding the merits of the case and the scope of the proposed class(es). Among other things, Defendant produced the records necessary for the Parties to accurately

calculate the scope of exposure in the case. Plaintiffs provided Defendant with a comprehensive analysis of the payroll records provided by Defendant. The Parties met on several occasions to discuss the legal and factual issues presented by Plaintiffs' claims, Defendant's defenses, and the potential issues regarding collective/class certification and settlement of the Lawsuit.

Through arms'-length negotiations, the Parties reached an agreement to settle this case on a collective/opt-in basis. The parties identified that the settlement class consists of a total of eighteen potential class members who, for purposes of settlement, are agreed to be eligible to accept payment under the settlement agreement.

### III. SUMMARY OF SETTLEMENT

The Parties have reached a confidential settlement agreement which provides substantial monetary relief to the settlement class. Pursuant to the agreement of the Parties, the settlement agreement will be submitted to the Court under seal. The settlement is structured as a claims-made, reversionary FLSA settlement, meaning that each settlement class member will have the option to claim the funds made available under the settlement in exchange for a release of his wage and hour claims, or to reject the offer and proceed without releasing his claims. If the settlement is approved by the Court, the allegations in the lawsuit will be resolved in their entirety.

The parties anticipate that, without confidentiality of the amounts in the Agreement, there is an increased likelihood that Defendant would be exposed to further litigation (on claims that it denies), thus depriving Defendant of a benefit which was the basis for the settlement bargain. Plaintiffs also have an interest in not having their financial information

3

posted in a public record. In addition, the publication of the amounts in the Settlement Agreement is potentially harmful to Defendant's ongoing operations and its competiveness in the marketplace. Additionally, the public interest is furthered by maintaining the confidentiality of the amount of the settlement because it encourages voluntary resolutions of contentious claims, thereby preserving the resources of the Court. Moreover, in this case, all relevant information regarding the parties' Settlement will be provided to all potentially interested parties – *i.e.* the entirety of the potential collective action. Accordingly, no potential claimant will be disadvantaged in any respect by the confidentiality. Lastly, no party or potential claimant will be disadvantaged by this Court engaging in an in camera review of the Settlement Agreement but would be prejudiced should such a review be denied. If the Court declines the parties' request for Confidentiality, they nevertheless request that the Court redact the dollar amounts from the Agreement.

## IV. <u>AUTHORITY IN SUPPORT OF SETTLEMENT</u>

The FLSA provides that in certain circumstances courts must approve FLSA collective action settlements. 29 U.S.C. § 216(c). Under Section 216(b) of the FLSA, an employee may settle and release claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *Id. See also D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 (1946). *See also, e.g.*, *Juvera v. Salcido*, No. CV-11-2119-PHX-LOA, 2013 WL 6628039, at *8 (D. Ariz. Dec. 17, 2013) (quoting *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982)).

4

When, as here, the parties request judicial review and approval of a settlement agreement, the Court must be satisfied that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Rodriguez v. Nationwide Mutual Ins. Co.*, No. 8:16-cv-02217-JLS-DFM, 2017 WL 7803795, at *1 (C.D. Cal. Aug. 17, 2017) (quoting *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982)).

The Parties agree as to the apportionment and distribution of the settlement funds. The Parties also agree that the FLSA settlement is in the best interest of all Parties and is fair and reasonable. The settlement is in the best interest of the Parties as it reduces the time that the settlement class would have to wait to receive payment were the case to proceed to trial, reduces risk to both Parties of an unfavorable judgment, and favors judicial economy. Furthermore, the settlement is fair and reasonable as the amount and terms of the settlement were the result of arm's-length negotiations mediated by an experienced neutral. As discussed above, the result of the settlement is full back wages and a portion of the liquidated damages claimed, which is a fair compromise of the damages alleged given the early stage of the litigation.

## V. CONCLUSION AND PRAYER

In sum, the settlement agreement is fair and reasonable, was reached as the result of arm's-length negotiation and is in the best interest of the Parties as it reduces the risk of exposure or trial loss. For all of the foregoing reasons, and in light of the Parties' settlement, Plaintiffs now respectfully request, and Defendant is not opposed, to entry of the attached

proposed order, approving of the Parties' settlement agreement under the FLSA and conditionally dismissing the case pending implementation of the settlement.

Dated: January 13, 2022          Respectfully submitted,

By:   */s/ Daniel I. Pace*
Daniel I. Pace
Alaska Bar No. 1305008
dan@pacelawoffices.com
PACE LAW OFFICES
101 E 9th Ave., Ste 7A
Anchorage, AK 99501
(907) 222-4003 – Telephone
(907) 222-4006 – Facsimile

*/s/ Ricardo J. Prieto*
Ricardo J. Prieto (*pro hac vice*)
Texas Bar No. 24062947
rprieto@eeoc.net
Melinda Arbuckle (*pro hac vice*)
Texas Bar No. 24080773
marbuckle@eeoc.net
SHELLIST LAZARZ SLOBIN LLP
11 Greenway Plaza, Suite 1515
Houston, TX 77046
(713) 621-2277 – Telephone
(713) 621-0993 – Facsimile

ATTORNEYS FOR PLAINTIFF
& PUTATIVE FLSA COLLECTIVE
ACTION MEMBERS

## CERTIFICATE OF SERVICE

On January 13, 2022, I filed the foregoing document with the Clerk of Court using the CM/ECF method. I certify that I served all counsel of record electronically by filing using the CM/ECF method.

*/s/ Daniel I. Pace*
Ricardo J. Prieto

6

Case 3:21-cv-00007-JMK   Document 36   Filed 01/13/22   Page 6 of 6