IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GEORGE BREWSTER and RUSSEL WILSON JR., individually and behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ALL AMERICAN OILFIELD, LLC,<br><br>Defendant. | Case No. 3:21-cv-00007-JMK<br><br>**ORDER GRANTING JOINT MOTION FOR SETTLEMENT APPROVAL** |

Before the Court is the Parties' Joint Motion for Settlement Approval (the "Motion").[1] On February 24, 2022, this Court ordered supplemental briefing on the Motion,[2] which the parties jointly filed on April 13, 2022.[3] A revised Settlement Agreement ("the Revised Agreement") has been filed under seal,[4] along with other supporting documents.[5] The Court approves the Revised Agreement, and the Motion is GRANTED.

---

[1] Docket 36.
[2] Docket 45.
[3] Docket 52 (sealed).
[4] Docket 52-1 (sealed); Docket 53 (amendment) (sealed).
[5] *See generally* Docket 52 (sealed).

## I. OVERVIEW OF THE PROPOSED SETTLEMENT

Plaintiffs' Second Amended Complaint alleges that Defendant All American Oilfield, LLC ("Oilfield") violated the Fair Labor Standards Act ("FLSA") by requiring Plaintiffs and other similarly situated employees to work more than forty hours per workweek, paid on a day rate basis, without being compensated for overtime.[6] Defendant filed two Motions to Dismiss before the parties entered into settlement negotiations.[7] The parties filed a Notice of Settlement on August 6, 2021,[8] and the parties filed the present Motion on January 13, 2022.[9]

The Revised Agreement establishes a maximum gross settlement amount of $375,000,[10] including:

    1.    $209,008 in individual settlement awards, paid to Participating Settlement Class Members based on each member's estimated overtime;[11]

    2.    $10,000 in service award payments, specifically, $5,000 to each named Plaintiff;[12]

    3.    $150,992 in attorneys' fees and litigation costs to Class Counsel;[13] and

---

[6] *See generally* Docket 40.
[7] Docket 14; Docket 17. The Court denied the Motions to Dismiss as moot after Plaintiffs filed a First and Second Amended Complaint. Docket 44.
[8] Docket 21.
[9] Docket 36.
[10] Docket 52-1 at ¶ 9(i) (sealed).
[11] Docket 52-1 at ¶ 9(k) (sealed); *see also id.* at 23 (Exhibit B to Revised Agreement.
[12] Docket 52-1 at ¶ 15(a) (sealed).
[13] Docket 52-1 at ¶ 15(b) (sealed.

*Brewster, et al. v. All American Oilfield, LLC*      Case No. 3:21-cv-00007-JMK
Order Granting Joint Motion for Settlement Approval      Page 2
Case 3:21-cv-00007-JMK    Document 54    Filed 05/13/22    Page 2 of 14

    4.  $5,000 in settlement administration costs, including payment of the Settlement Administrator.[14]

  In consideration for these awards, Participating Settlement Class Members release any wage-related claims against Defendant for work performed during the Class Period.[15] Named Plaintiffs George Brewster and Russel Wilson are subject to a more general release from any and all claims against Defendant based on conduct up to and including the date of this Order.[16] Defendant, in turn, releases Plaintiff George Brewster from any and all claims, including those brought against him in *All American Oilfield, LLC v. George Brewster*, Case No. 3AN-21-08351CI, in the District Court for the State of Alaska Third Judicial District at Anchorage ("the Brewster Litigation").[17]

  The Revised Agreement provides that Plaintiffs' counsel will send the Notice of Settlement to all Settlement Class Members within fourteen days of the Court's approval of the Revised Agreement.[18] To opt into the settlement, Class Members must return executed settlement papers to Plaintiffs' counsel within sixty days.[19]

  The Revised Agreement stipulates that, solely for settlement purposes, the requisites for establishing collective action certification under the FLSA pursuant to 29 U.S.C. § 216(b) are met.[20] It further provides that Plaintiffs shall file a Motion for Approval of Settlement Agreement, requesting that the Court approve the settlement,

---

[14] Docket 52-1 at ¶ 15(c) (sealed).
[15] *See id.* at ¶ 10(b) (sealed); Docket 53 (amendment) (sealed).
[16] Docket 52-1 at ¶ 10(a) (sealed).
[17] *Id.* (sealed)
[18] *Id.* at ¶ 11(d) (sealed).
[19] *Id.* at ¶ 19 (sealed).
[20] *Id.* at ¶ 7 (sealed).

*Brewster, et al. v. All American Oilfield, LLC*  Case No. 3:21-cv-00007-JMK
Order Granting Joint Motion for Settlement Approval  Page 3
Case 3:21-cv-00007-JMK  Document 54  Filed 05/13/22  Page 3 of 14

certify the Settlement Class pursuant to 29 U.S.C. § 216(b) for settlement purposes only, and approve the Notice form.[21] Plaintiffs' initial Motion does not address certification of the collective action or approval of the Notice form;[22] however, the parties' supplemental briefing includes those requests.[23]

## II. LEGAL STANDARD

The provisions of the FLSA are not subject to waiver by employees.[24] As such, wage claims arising under the FLSA may be settled only with approval from a district court or the Secretary of Labor.[25] To approve settlement of FLSA claims, the Court must determine whether the settlement agreement represents a "fair and reasonable resolution of a bona fide dispute."[26]

First, the court decides if a bona fide dispute exists. "A bona fide dispute exists when there are legitimate questions about 'the existence and extend of Defendant's FLSA liability.' . . . If there is no question that the FLSA entitles plaintiffs to the compensation they seek, then a court will not approve a settlement because to do so would allow the employer to avoid the full cost of complying with the statute."[27]

---

[21] *Id*. at ¶ 11(a) (sealed).
[22] *See* Docket 36.
[23] Docket 52 at 2–3 (sealed).
[24] *Lynn's Food Stores, Inc. v. United States By & Through U.S. Dep't of Lab., Emp. Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1352 (11th Cir. 1982).
[25] *Id*. at 1353; *see also* 29 U.S.C. § 216(c).
[26] *Lynn's Food Stores*, 679 F.2d at 1355.
[27] *Selk v. Pioneers Mem'l Healthcare Dist.*, 159 F. Supp. 3d 1164, 1172 (S.D. Cal. 2016) (internal citations omitted).

*Brewster, et al. v. All American Oilfield, LLC*     Case No. 3:21-cv-00007-JMK
Order Granting Joint Motion for Settlement Approval     Page 4
Case 3:21-cv-00007-JMK    Document 54    Filed 05/13/22    Page 4 of 14

Next, the court decides whether the agreement is "fair and reasonable."[28] To this Court's knowledge, the Ninth Circuit has yet to articulate a test for whether an FLSA settlement is fair and reasonable. As such, this Court will apply the test described by the Southern District of California in *Selk v. Pioneers Memorial Healthcare District*.[29] Under *Selk*, the Court will consider the "totality of the circumstances" and, when appropriate, draw on the criteria for class action settlement under Federal Rule of Civil Procedure 23(e).[30] This includes the following factors:

> "(1) the plaintiff's range of possible recovery; (2) the stage of proceedings and amount of discovery completed; (3) the seriousness of the litigation risks faced by the parties; (4) the scope of any release provision in the settlement agreement; (5) the experience and views of counsel and the opinion of participating plaintiffs; and (6) the possibility of fraud or collusion."[31]

Overall, the Court's primary duty in scrutinizing a settlement agreement is to protect the purpose of the FLSA while balancing the parties' desire to settle.[32]

---

[28] See *Lynn's Food Stores*, 679 F.2d at 1355.
[29] *Selk*, 159 F. Supp. 3d at 1172–73.
[30] *Id*. at 1173 ("This approach replicates the factors relevant to Rule 23 class actions where appropriate but adjusts or departs from those factors when necessary to account for the labor rights at issue. This Court adopts a variation of the totality of circumstances approach here."). As the parties have recognized, drawing on the criteria for a Rule 23 class action settlement does not subject an FLSA collective action settlement to its more exacting standards. *See Beckman v. KeyBank*, N.A., 293 F.R.D. 467, 476 (S.D.N.Y. 2013). The Court notes that, for the purposes of this Order, it uses the terms "class" and "certification" in an informal sense, as no class is being certified under Rule 23.
[31] *Selk*, 159 F. Supp. 3d at 1173.
[32] *Id.*

*Brewster, et al. v. All American Oilfield, LLC*  Case No. 3:21-cv-00007-JMK
Order Granting Joint Motion for Settlement Approval  Page 5
Case 3:21-cv-00007-JMK   Document 54   Filed 05/13/22   Page 5 of 14

## III. DISCUSSION

The Court finds that the Revised Agreement represents a fair and reasonable resolution of a bona fide dispute under the FLSA. The parties' supplemental briefing thoroughly details the factors outlined in *Selk*, and shows that the Revised Agreement provides substantial relief to all parties.

### A. Bona Fide Dispute

The litigation is in its infancy; however, the parties have engaged in informal discovery regarding the merits of the case and met on several occasions to discuss the legal and factual issues presented by Plaintiffs' claims, Defendant's defenses, and potential issues regarding collective certification.[33] Defendant argues that Plaintiffs are exempt from the overtime requirements of the FLSA as managerial employees under 29 U.S.C. § 213(a)(1).[34] Defendant explains that putative Class Members are "white collar supervisors" with exempt and nonmanual duties, that each worker was guaranteed to receive at least $684 per week, and that payment of a day rate does not undermine the salary requirement of the FLSA's executive exemption.[35] Defendant has articulated "the reasons for disputing the employee's rights to a minimum wage or overtime" such that the Court can ensure there exist "legitimate questions about the existence and extent of

---

[33] Docket 36 at 3; Docket 52 at 13–14 (sealed).
[34] Docket 52 at 11 (sealed); *see also* Docket 17 at 5 (mentioning that Plaintiff's position generally is regarded as managerial and supervisory).
[35] Docket 52 at 11 (sealed); 29 C.F.R. § 541.

*Brewster, et al. v. All American Oilfield, LLC*     Case No. 3:21-cv-00007-JMK
Order Granting Joint Motion for Settlement Approval     Page 6
Case 3:21-cv-00007-JMK    Document 54    Filed 05/13/22    Page 6 of 14

Defendant's FLSA liability."[36] The Court can conclude that a bona fide dispute exists over the right of Plaintiffs to receive overtime pay.

## B. Plaintiffs' Range of Possible Recovery

To evaluate the fairness of the settlement amount provided for in the Revised Agreement, the Court must compare it against Plaintiffs' range of possible recovery. Here, Plaintiffs estimated a possible recovery of $593,873.28 in both unpaid overtime wages and liquidated damages over a two-year period.[37] The parties have supported this estimate with data provided by Defendant that reflects the total number of work weeks for each putative Class Member, estimates 20.6 hours of overtime per employee per week, and calculates the value of that overtime.[38] The net settlement amount of $219,008 represents an approximate recovery of 63 percent of Plaintiffs' maximum two-year back wages and approximately 37 percent of the total possible recovery. The Court finds this a fair and reasonable settlement amount, particularly given the risks associated with complex FLSA litigation.[39]

---

[36] See *Selk* 159 F. Supp. 3d at 1172; *Mamani v. Licetti*, No. 13-CV-7002 KMW JCF, 2014 WL 2971050, at *2 (S.D.N.Y. July 2, 2014) (explaining that to demonstrate a bona fide dispute under the FLSA, "[t]he employer should articulate the reasons for disputing the employee's right to a minimum wage or overtime, and the employee must articulate the reasons justifying his entitlement to the disputed wages").
[37] Docket 52 at 12 (sealed); Docket 52-6 (sealed).
[38] Docket 52-6 (sealed).
[39] See *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 256 (N.D. Cal. 2015) (finding a wage and hour class settlement fair where the settlement fund represented between 11 percent and 27 percent of the total potential recovery); *Jones v. Agilysys, Inc.*, No. C 12–03516 SBA, 2014 WL 2090034, at *2 (N.D. Cal. May 19, 2014) (finding a FLSA settlement that constituted between 30 percent to 60 percent of recoverable damages to be a "tangible monetary benefit" for the class members).

*Brewster, et al. v. All American Oilfield, LLC*     Case No. 3:21-cv-00007-JMK
Order Granting Joint Motion for Settlement Approval     Page 7
Case 3:21-cv-00007-JMK    Document 54    Filed 05/13/22    Page 7 of 14

## C. Stage of Proceedings and Seriousness of Litigation Risks

As discussed, the parties have engaged in informal discovery of Defendant's pay records, workweek data for the entire settlement class, and information regarding pay and worktime data extrapolated from Plaintiffs' estimates.[40] This is sufficient for Plaintiffs to make an "informed decision" about the risks and merits of settlement,[41] particularly given Plaintiffs' counsel's extensive experience in wage and hour class actions.[42]

## D. Release Provisions

The Revised Agreement provides that all Participating Settlement Class Members release any wage-related claims against Defendant for work performed during the Class Period.[43] As the Court indicated in its previous Order, this release provision appears fair and reasonable. Additionally, while the FLSA generally guards against broad releases,[44] the global release governing named Plaintiffs Brewster and Wilson also appears reasonable. Mr. Wilson and Mr. Brewster were represented by counsel during negotiations, are individual signatories to the Revised Agreement, and each receive $5,000 as consideration for the general release.[45] Unlike the initial Settlement Agreement, the

---

[40] Docket 52 at 13 (sealed).
[41] *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (emphasizing that the touchstone of the analysis is whether "the parties have sufficient information to make an informed decision about settlement," including formal and informal discovery).
[42] *See* Docket 52-3 (sealed); Docket 52-4 (sealed); Docket 52-5 (sealed).
[43] Docket 52-1 at ¶ 10(b) (sealed); Docket 53 (amendment) (sealed).
[44] *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010) ("[A] pervasive release in an FLSA settlement confers an uncompensated, unevaluated, and unfair benefit on the employer").
[45] *See Selk v. Pioneers Mem'l Healthcare Dist.*, 159 F. Supp. 3d 1164, 1178–79 (S.D. Cal. 2016) (finding that general release for named plaintiffs was reasonable because named plaintiffs receive additional consideration); *McKeen-Chaplin v. Franklin Am. Mortg. Co.*, No. C 10-5243

*Brewster, et al. v. All American Oilfield, LLC*  Case No. 3:21-cv-00007-JMK
Order Granting Joint Motion for Settlement Approval  Page 8
Case 3:21-cv-00007-JMK   Document 54   Filed 05/13/22   Page 8 of 14

Revised Agreement includes opt-in plaintiff Keith Carter in the limited, rather than global, release.[46] The release provisions are appropriately tailored to the lawsuit, and protect the purposes of the FLSA.

### E. Views of Counsel and Participating Plaintiffs

Class counsel has significant experience in collective actions under the FLSA.[47] Counsel views the Revised Agreement as an "excellent recovery" for Plaintiffs,[48] and the supplemental briefing provided to the Court supports this opinion. While putative Class Members have not yet been made aware of the Revised Agreement, the parties aver that participating Plaintiffs do not object to the settlement's terms and explain that Keith Carter was removed as a named plaintiff because he was unable to participate in settlement negotiations.[49] This factor is satisfied.

### F. Fraud or Collusion

The Court requested additional briefing on the pending state court action against Mr. Brewster, as well as Mr. Carter's role in this litigation that resulted in his global release. As mentioned, Mr. Carter's general release has been removed from the Revised Agreement. The parties have explained the Brewster Litigation and its independence from this action.[50] The Court appreciates the parties' briefing and is satisfied that there is no risk that the settlement was subject to fraud or collusion.

---

SBA, 2012 WL 6629608, at *5 (N.D. Cal. Dec. 19, 2012) (finding that general release was not fair because plaintiffs were not individually compensated for release of non-wage claims).
[46] Docket 53 (sealed).
[47] See Docket 52-3 (sealed); Docket 52-4 (sealed); Docket 52-5 (sealed).
[48] Docket 52 at 17–18 (sealed).
[49] Id. at 17 (sealed).
[50] Id. at 18 (sealed).

Brewster, et al. v. All American Oilfield, LLC  
Order Granting Joint Motion for Settlement Approval  
Case No. 3:21-cv-00007-JMK  
Page 9  
Case 3:21-cv-00007-JMK   Document 54   Filed 05/13/22   Page 9 of 14

**G.     Service Awards**

The Revised Agreement provides that Plaintiffs Brewster and Wilson shall receive $5,000 "for their efforts in bringing and prosecuting the Action," and in consideration for the general release.[51] The Court requested clarification on the role Mr. Brewster and Mr. Wilson played in the litigation considering Mr. Carter's position as named Plaintiff until January 27, 2022. Although not the original named Plaintiffs, the parties explain that Mr. Brewster and Mr. Wilson contributed significant investigative work, faced potential retaliation and future employment risk, and were integral in settlement negotiations.[52] The Court finds the service awards to be appropriate.

**H.     Attorney's Fees and Costs**

"Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award."[53] The Revised Agreement provides for $150,000 in attorney's fees, representing a 40 percent fee award, in addition to $992 in costs.[54] The Court requested evidence that provides a factual basis for the award, and Plaintiffs have provided a table of costs,[55] time records that specify the date, the hours expended, and the nature of the legal work done,[56] and Class Counsel's

---

[51] Docket 52-1 at ¶ 15(a) (sealed).
[52] Docket 52 at 20 (sealed).
[53] *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012).
[54] Docket 52-1 at ¶ 15(b)(i) (sealed).
[55] Docket 52-8 (sealed).
[56] Docket 52-7 (sealed); Docket 52-11 (sealed).

*Brewster, et al. v. All American Oilfield, LLC*　　　　　　　　　　　　　　　　　　　　Case No. 3:21-cv-00007-JMK
Order Granting Joint Motion for Settlement Approval　　　　　　　　　　　　　　　　　Page 10
Case 3:21-cv-00007-JMK   Document 54   Filed 05/13/22   Page 10 of 14

resumes.[57] Overall, Class Counsel's lodestar calculations total $61,785, with a 2.43 multiplier to reach $150,000.[58]

"In 'common-fund' cases where the settlement or award creates a large fund for distribution to the class, the district court has discretion to use either a percentage or lodestar method;" however, courts tend to use the former option.[59] The district court may also "cross-check[]" the award using both approaches.[60] The ultimate goal, regardless of method, is to reasonably compensate counsel for their efforts in creating the common fund.[61] In the Ninth Circuit, district courts consider "all of the circumstances of the case," including: (1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee and the financial burden carried by the plaintiffs; and (5) awards made in similar cases.[62]

While a 40 percent fee exceeds the Ninth Circuit's benchmark award of 25 percent, the Court finds it appropriate in light of the circumstances and counsel's lodestar calculations.[63] As previously discussed, the Revised Agreement provides a substantial economic benefit to the class in the face of complex litigation and a Circuit-split in relevant precedent. Class Counsel are experienced wage-and-hour attorneys working on contingency; as such, the 2.43 multiplier on the loadstar figure is appropriate

---

[57] Docket 52-3 (sealed); Docket 52-4 (sealed); Docket 52-5 (sealed).
[58] Docket 52 at 27 (sealed).
[59] *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998), *abrogated on other grounds by* Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338 (2011).
[60] *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 944 (9th Cir. 2011).
[61] *Paul, Johnson, Alston, & Hunt v. Graulty*, 886 F.2d 268, 271 (9th Cir. 1989).
[62] *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048–50 (9th Cir. 2002).
[63] *See id.* at 1048 (finding that the 25 percent benchmark is a starting point for analysis but may not be appropriate in all cases).

*Brewster, et al. v. All American Oilfield, LLC*  Case No. 3:21-cv-00007-JMK
Order Granting Joint Motion for Settlement Approval  Page 11
Case 3:21-cv-00007-JMK   Document 54   Filed 05/13/22   Page 11 of 14

given the risk of non-recovery and the skill required.⁶⁴ Further, the multiplier ultimately will decrease with the additional hours spent by counsel implementing the Revised Agreement. While slightly at the upper range, the 40 percent fee and 2.43 multiplier comport with precedent.⁶⁵ The award of costs and attorney's fees is reasonable.

## I. Notice and Collective Action Certification

Courts typically do not require collective action certification for approval of FLSA settlement claims; however, the Revised Agreement provides that Plaintiffs shall request that the Court certify the class pursuant to 29 U.S.C. § 216(b) and approve the Notice form.⁶⁶

The Notice provides information regarding the claims made against Defendant, the terms of the Revised Agreement, the recipient's right to share in the settlement award, and the recipient's right to not participate in the settlement.⁶⁷ The Notice contains all appropriate information and gives recipients sixty days to return executed settlement papers. The Court approves its use for the settlement class.

---

⁶⁴ See *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992); *see also Hanlon*, 150 F.3d at 1029 (a lodestar figure "may be adjusted upward or downward to account for several factors including the quality of the representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment").

⁶⁵ *See, e.g., Rippee v. Bos. Mkt. Corp.*, Nos. 05 Civ. 1359, 05 Civ. 1360, 2006 WL 8455400, at *4 (S.D. Cal. Oct. 10, 2006) (approving 40 percent fee and 3.2x multiplier); *Vizcaino*, 290 F.3d at 1051 n.6 (finding that 83 percent of approved class action settlements had fee multipliers between 1.5 and 4); *Steiner v. Am. Broadcasting Co., Inc.*, 248 Fed. App'x 780, 783 (9th Cir. 2007) (finding that multiplier of 6.85 falls within acceptable range).

⁶⁶ Docket 52-1 at ¶ 11(a) (sealed).

⁶⁷ *Id.* at 15–18 (sealed).

*Brewster, et al. v. All American Oilfield, LLC*     Case No. 3:21-cv-00007-JMK
Order Granting Joint Motion for Settlement Approval     Page 12
Case 3:21-cv-00007-JMK  Document 54  Filed 05/13/22  Page 12 of 14

The Court also certifies the class for settlement purposes. "Conditional certification requires little more than substantial allegations, supported by declarations or discovery, that the putative class members were together the victims of a single decision, policy, or plan."[68] Plaintiffs easily meet the lenient standard for conditional certification: they have alleged that they and other tool pushers were deprived of overtime under Defendant's single policy to pay such employees on a day rate basis.[69] Normally, the party opposing certification may move to decertify the class, and at that point, the Court would adopt a stricter standard for whether the putative Class Members are "similarly situated."[70] Here, however, the parties have stipulated that, solely for settlement purposes, the requisites for establishing collective action under the FLSA are met.[71] Thus, The Court certifies the class as a collective action under 29 U.S.C. § 216(b) for the purposes of settlement.

## IV. CONCLUSION

The Revised Agreement represents a fair and reasonable resolution of a bona fide dispute under the FLSA, and the Joint Motion for Settlement Approval is **GRANTED**. The Court approves the terms and conditions of the Revised Agreement, including its provision that requests the Court to conditionally certify the class and approve the Notice. This case is **DISMISSED WITH PREJUDICE** pursuant to the Revised Agreement.

---

[68] *Dualan v. Jacob Transp. Servs., LLC*, 172 F. Supp. 3d 1138, 1144 (D. Nev. 2016) (internal quotation omitted).
[69] *See generally* Docket 40.
[70] *Dualan*, 172 F. Supp. 3d at 1144–45.
[71] Docket 52-1 at ¶ 7 (sealed).

*Brewster, et al. v. All American Oilfield, LLC*      Case No. 3:21-cv-00007-JMK
Order Granting Joint Motion for Settlement Approval      Page 13

Case 3:21-cv-00007-JMK   Document 54   Filed 05/13/22   Page 13 of 14

**IT IS SO ORDERED** this 13th day of May, 2022, at Anchorage, Alaska.

                        */s/ Joshua M. Kindred*
                        JOSHUA M. KINDRED
                        United States District Judge

*Brewster, et al. v. All American Oilfield, LLC*      Case No. 3:21-cv-00007-JMK
Order Granting Joint Motion for Settlement Approval      Page 14
Case 3:21-cv-00007-JMK   Document 54   Filed 05/13/22   Page 14 of 14